(September 21, 1989)

■ In the Matter of JOANNE M. GLAVIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1984.

In this disciplinary proceeding, petitioner, the Committee on Professional Standards, charges respondent with furnishing false documentation to the Albany County Surrogate's Court and with misleading and deceiving a notary public. Respondent's answer to the petition admitted the facts underlying these charges. Petitioner then moved, pursuant to section 806.5 of this court's rules (22 NYCRR 806.5), for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. By decision dated August 4, 1989, this court granted petitioner's motion. Thereafter, respondent appeared before the court and was heard on the issue of mitigation.

The charges against respondent arise from her drafting of a will for one Eleanor M. Strittmatter, who had named respondent as the executrix of her estate. Upon Strittmatter's death, respondent engaged the services of other counsel to probate the estate. When such counsel failed to probate the estate in a timely manner, respondent undertook the task herself. In so doing, she discovered that the file in the matter did not contain a waiver of citation by Strittmatter's daughter, Stephanie E. Sherman, who was the sole beneficiary of the estate. Such waiver, which was necessary for the probate of the estate, apparently was previously executed by Sherman but

had been misplaced. Rather than asking Sherman to sign a new waiver form, respondent instead signed Sherman's name to the form herself. She then had the form notarized after advising the notary that Sherman had signed the document in her presence. Thereafter, respondent filed the waiver of citation with Surrogate's Court, Albany County.

While admitting the acts described hereinabove, respondent submits in mitigation that she signed Sherman's name and then misled the notary merely to expedite the estate's probate and to avoid admitting to Sherman that the form she previously signed had been misplaced. She states that she has not received any legal fee in connection with the estate and has not received a commission for serving as executrix.

Clearly, respondent's actions constitute misconduct which calls for the imposition of discipline. While it is true that no venal motive occasioned respondent's conduct and that her actions appear to have been merely an attempt to expedite probate of an estate whose settlement had been delayed, the fact remains that she wrongly affixed another person's signature to a legal document which she then caused to be notarized. Such conduct cannot be condoned (see, Matter of Karp, 122 AD2d 964).

On the issue of the measure of discipline to be imposed, we note that respondent's professional record has heretofore been unblemished and that her good character is unquestionable as attested to by several character affidavits submitted on her behalf. With these facts and circumstances prevailing, we conclude that respondent should be censured.

Respondent censured. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.