■ In the Matter of LEONARD KROUNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [629 NYS2d 95] —Per Curiam. Respondent was admitted to practice by this Court in 1973 and maintains an office for the practice of law in Albany.

By petition dated January 3, 1995, petitioner Committee on Professional Standards accused respondent of violating the Code of Professional Responsibility DR 1-102 (A) (4), (5), and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]), by improperly signing the names of two of his clients, who were co-executors of an estate, to a February 1994 petition to extend preliminary letters testamentary on their behalf and then notarizing the signatures (charge I) and of violating DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) by submitting the petition with the improper notarization to the Albany County Surrogate's Court (charge II). Respondent admits the charges and specifications; his submission in mitigation states that he was acting in good faith to ensure uninterrupted administration of the estate, the primary asset of which was a nursing home, and that he believed he had the co-executors' permission to sign their names to the petition. When respondent discovered that he had acted without the co-executors' authorization he took prompt action to have the petition declared null and void, settle some disputes among the three co-executors, waive his right to any fees for his work on the estate, and cease his fur-

ther provision of legal services for the estate. It is clear that respondent acted unethically in signing the co-executors' names to the petition without their unambiguous authorization and that he acted inexcusably in notarizing the signatures and then submitting the fraudulent document to the Surrogate.

In a separate matter, petitioner moved on February 10, 1995, to suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) by reason of his conviction of a serious crime. It appears respondent was convicted on July 25, 1991 of theft of services in violation of Penal Law § 165.15 (4), a class A misdemeanor. He was sentenced in Albany City Court to conditional discharge, restitution, and a $125 fine. A motion by respondent to set aside the conviction was denied on February 7, 1995. The criminal prosecution was based on allegations that between August and September 1986, respondent charged more than $900 in long distance calls to a telephone number assigned to Toyota Motor Sales, USA, Inc., without that company's authorization. Toyota demanded reimbursement in June 1987 and respondent complied by the end of September 1987. Respondent claims that at the time of these unauthorized billings he was a plaintiff in a Federal court class action lawsuit against Toyota and merely wanted to demonstrate Toyota's capacity to account for small financial transactions.

In mitigation of his misconduct, respondent states he was beset by very stressful personal problems during the relevant time period, especially when he was misbilling Toyota, and that he has made positive and significant voluntary contributions to his community and his profession. He also submits a number of very laudatory character affidavits from people who have been advised of the instant disciplinary proceeding.

As part of its motion, petitioner notes that respondent failed to comply with the requirement of the Judiciary Law whereby an attorney convicted of a crime must file the record thereof with the Appellate Division within 30 days after the conviction (*see*, Judiciary Law § 90 [4] [c]). Such a failure to file "shall be deemed professional misconduct provided, however, that the appellate division may upon application of the attorney, grant an extension upon good cause shown" (Judiciary Law § 90 [4] [c]).

We find respondent guilty of the professional misconduct charged and specified in the petition; further, we deny as moot petitioner's motion to suspend respondent pursuant to Judiciary Law § 90 (4) (f), and deny respondent's motion for an extension to file the record of his conviction. The conviction and failure to file the record thereof, along with the profes-

sional misconduct charged and specified in the petition, warrant the imposition of a disciplinary sanction against respondent (*see*, Judiciary Law § 90 [2], [4] [c], [g]).

In view of all of the above, we conclude that, to deter similar misconduct and to preserve the reputation of the Bar, respondent should be censured. (*See, e.g., Matter of Glavin*, 153 AD2d 982; *Matter of Grant*, 85 AD2d 102.)

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; petitioner's motion to suspend respondent pursuant to Judiciary Law § 90 (4) (f) be and hereby is denied; and respondent's application to file a late certificate of conviction be and hereby is denied; and it is further ordered that respondent be and hereby is censured.