(January 10, 2003)

■ In the Matter of NEIL G. TAYLOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [753 NYS2d

392] —Per Curiam. Respondent was admitted to practice by this Court in 1986. He maintains an office for the practice of law in Florida, where he is also admitted to practice.

In July 2002, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of Florida of the misdemeanor offense of filing a false document with the Internal Revenue Service in violation of 26 USC § 7207. He was sentenced to one year's probation. He continues to practice law in Florida, although an ethics grievance arising from the underlying circumstances of his conviction is pending against him in that state.

Based upon respondent's conviction of a serious crime (see e.g. Matter of Karp, 122 AD2d 964), petitioner moves for an order suspending him from the practice of law until such time as a final disciplinary order is made (see Judiciary Law § 90 [4] [f], [g]). Respondent opposes petitioner's motion and requests that the interim suspension be set aside. He also requests that he be granted a hearing (see Judiciary Law § 90 [4] [h]) or, alternatively, that the matter be deferred pending the outcome of the Florida ethics grievance.

Given the mitigating circumstances set forth by respondent, we deny petitioner's motion and set aside the interim suspension (see Judiciary Law § 90 [4] [f], [g]). We further direct petitioner, within 30 days after the conclusion of the disciplinary proceeding pending against respondent in Florida, to submit a proposed order requiring respondent to show cause why a final disciplinary order should not be made.

Crew III, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that petitioner shall submit, within 30 days after the conclusion of the disciplinary proceeding pending against respondent in Florida, a proposed order requiring respondent to show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).