In the Matter of CARY P. GRANT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 26, 1982

**APPEARANCES OF COUNSEL**

*David E. Brennan* (*Gerard M. La Russo* of counsel), for petitioner.

*Thomas M. Van Strydonck* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice as an attorney and counselor at law in the State of New York on February 9, 1977. The Grievance Committee of the Seventh Judicial District charged in its petition instituting this disciplinary proceeding that respondent has engaged in conduct involving dishonesty in violation of DR 1-102 (A) (3), (4), (6) of the Code of Professional Responsibility in that on June 6, 1981 he stole approximately $249 worth of assorted groceries from a food market for which he was arrested and charged with petit larceny (Penal Law, § 155.25). On November 12, 1981 the Town Court of Pittsford adjourned his criminal case in contemplation of dismissal (CPL 170.55).

Respondent has admitted the charges and submitted to the court proof in mitigation. Although respondent is unable to explain motivation for his conduct, he has shown remorse and co-operated with the police in the investigation of the crime. Shortly after the crime he undertook psychiatric treatment which he has continued until the present time. Other than what the facts say for themselves, the only explanation for respondent's conduct comes from his therapist who states that respondent acted on impulse without contemplation because of long-standing emotional difficulties which he diagnosed as "impulsive personality disorder". The therapist reported that respondent remains highly motivated in and out of therapy and rendered a medical opinion that respondent "would not exhibit such impulsive behavior again".

Although we have here a serious act of misconduct which reflects on respondent's "fitness to practice law", in view of the circumstances surrounding this respondent, his favorable termination from the diversion program of the Monroe County Bar Association Pre-Trial Services Corporation, the willingness of a fellow lawyer to employ him in a capacity which involves handling large sums of money and confidential matters, the testimonials to his character, integrity and ability by his former colleagues in the office of the Monroe County District Attorney, and his otherwise unblemished record, we find that a censure would be appropriate.

Respondent should be censured.

DILLON, P. J., SIMONS, HANCOCK, JR., CALLAHAN and DOERR, JJ., concur.

Order of censure entered.