[631 NYS2d 77]

In the Matter of MARY E. MONGIOI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 28, 1995

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Grace D. Moran* of counsel), for petitioner.

*Kaufmann, Feiner, Yamin, Gildin & Robbins,* New York City *(Daniel Gildin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this Court on October 26, 1983.

In this proceeding, the Special Referee sustained the one charge of professional misconduct with which the respondent was charged. The petitioner moved to confirm the report of the Special Referee. The respondent has submitted an affirmation in response in which she submits that she has not been guilty of professional misconduct and asks that the Court take into consideration the circumstances which led up to her actions.

The petition charged that the respondent pleaded guilty in the Nassau County District Court to one count of attempted petit larceny, a class B misdemeanor, in violation of Penal Law §§ 110.00 and 155.25. The respondent was sentenced on November 10, 1993, by the Honorable John Galasso, to a conditional discharge, a $250 fine, an $85 surcharge, and a $5 crime victim's assistance fee.

The conduct underlying the respondent's conviction occurred on August 20, 1993. At approximately 6:30 P.M., the respondent was observed in a Lord & Taylor department store removing the sensor tags from certain items of clothing. The respondent placed these and other items in a shopping bag and attempted to leave the store without paying for them. The total value of the items was approximately $474.

The petition charged that the respondent knew or should have known in committing the aforesaid acts that she was guilty of professional misconduct within the meaning of Judiciary Law § 90 and 22 NYCRR 691.2 and her inherent duty as an attorney and counselor-at-law.

After reviewing all of the evidence adduced, we conclude that the Special Referee properly sustained the charge. Accordingly, the petitioner's motion to sustain the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent and her previously unblemished record. At the time of the shoplifting incident, the respondent's judgment was sufficiently impaired to cause her aberrational conduct. The respondent maintains that she was incapable of appreciating the consequences of her actions. She has since sought and obtained appropriate psychological help for her problem.

Under the circumstances, the respondent is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Mary E. Mongioi, is censured for her professional misconduct.