[859 NYS2d 734]

In the Matter of JEFFREY A. IRVING, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 10, 2008

APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Moran Karamouzis LLP*, Rockville Centre (*Grace D. Moran*), for respondent.

OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated March 29, 2007, containing three charges of professional misconduct. After a prehearing conference on May 22, 2007, and a hearing on August 2, 2007, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and appropriate. The respondent's counsel has submitted an affirmation in response to the Grievance Committee's motion to confirm in which she submits that the Special Referee properly found the respondent guilty of his admitted misconduct, but sets forth facts mitigating that misconduct.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about January 9, 2004, the respondent was charged in the Vermont District Court, Unit 1, Windham Circuit, under docket No. 27-1-04, count one, with the felony of retail theft, in violation of Vermont Statutes Annotated, title 13, § 2575 (1), based on an offense committed on November 30, 2003, at the Alpine Trader Ski Shop in West Dover, Vermont. On or about May 24, 2004, the respondent entered a plea of nolo contendere to an amended charge of misdemeanor retail theft, in violation of Vermont Statutes Annotated, title 13, § 2577 (a), before the Honorable John P. Wesley.

On or about January 9, 2004, the respondent was charged in the Vermont District Court, Unit 1, Windham Circuit, under docket No. 27-1-04, count two, with the misdemeanor of retail theft, in violation of Vermont Statutes Annotated, title 13,

§ 2577 (a), based on an offense committed on December 20, 2003, at a retail merchandise establishment known as The Equipe Sport Ski Shop in West Dover, Vermont. On or about May 24, 2004, the respondent entered a plea of nolo contendere to that charge before the Honorable John P. Wesley.

On or about January 9, 2004, the respondent was charged in the Vermont District Court, Unit 1, Windham Circuit, under docket No. 28-1-04, count one, with the felony of retail theft, in violation of Vermont Statutes Annotated, title 13, § 2575 (1), based on an offense committed on December 13, 2003, at the ski shop located in The Grand Summit Hotel in West Dover, Vermont. On or about May 24, 2004, the respondent entered a plea of nolo contendere to an amended charge of misdemeanor retail theft, in violation of Vermont Statutes Annotated, title 13, § 2577 (a), before the Honorable John P. Wesley.

On or about May 24, 2004, the Honorable John P. Wesley sentenced the respondent to 4 to 6 months' incarceration on each of the three convictions, terms to run concurrently. All sentences were suspended and the respondent was placed on probation under enumerated conditions, two of which were that he make restitution in the amount of $2,445 to the Alpine Trader Ski Shop and that he make restitution to The Grand Summit Hotel ski shop and The Equipe Sport Ski Shop, and additional restitution to the Alpine Trader Ski Shop, if directed to do so by his probation officer.

On or about October 29, 2004, the Honorable John P. Wesley granted the respondent's petition for discharge from probation upon satisfactory completion.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Charge three alleges that the respondent is guilty of professional misconduct in that he has been convicted of a "serious crime" involving theft, within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7, based on the factual specifications of charge one.

The respondent submitted an answer dated April 20, 2007, in which he admitted the underlying facts, but denied that his conduct reflects adversely on his fitness as an attorney. In the course of his answer, the respondent asserted, as mitigating defenses, that he has never been the subject of a grievance or a

malpractice claim; that he first sought psychiatric treatment for depression and anxiety in or about 2002 brought on by his wife's long-term serious illness and the problems in school experienced by his young son; that he began more intensive psychiatric therapy following the incidents which occurred in November and December 2003 and was placed on medication; that such therapy continued for two years and that he remains on medication and continues to consult with his psychiatrist, Peter Kaplan, M.D., as needed; that the effectiveness of his treatment is demonstrated by the fact that he has led a law-abiding life since his convictions; that he promptly reported his convictions to the Court, acknowledged his misconduct, and remains deeply remorseful for that conduct, which added to his family's problems and blemished his previously spotless reputation.

That the respondent pleaded nolo contendere to three misdemeanor counts of shoplifting which occurred at three different ski shops in Vermont over a three week period in late 2003 is not in dispute. The respondent frames the issue before the Court as the degree of culpability that he bears for his conduct.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all three charges and the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his expressed remorse, his full cooperation with the Grievance Committee, his complete compliance with the conditions of his sentence, his character evidence and his impressive contributions to the community, and the aberrant nature of his misconduct, which did not involve the practice of law. Under the totality of the circumstances, the respondent is publicly censured.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.