[880 NYS2d 102]

In the Matter of Charles H. Reinhardt, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, May 19, 2009

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated March 5, 2008 containing three charges of professional misconduct. After a hearing on July 21, 2008, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent has been convicted of a serious crime involving theft, within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On or about August 31, 2005, the respondent was charged in the District Court, Nassau County with grand larceny in the fourth degree, a felony, in violation of Penal Law § 155.30 (1), based upon an offense committed between approximately February 19, 2003 and March 30, 2004. He entered a plea of guilty on January 6, 2006, before the Honorable Edward A. Maron, to the amended misdemeanor charge of petit larceny, in violation of Penal Law § 155.25. He was sentenced on or about March 7, 2006 to a one-year conditional discharge, a $500 fine, and a $20 crime victims' assistance fee. Restitution in the sum of $1,423.70 was paid to the North Bellmore Union Free School District prior to sentencing.

Charge two alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3), based on the factual specifications set forth in charge one.

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR

1200.3), based on the factual specifications set forth in charge one.

In view of the uncontroverted evidence, the Special Referee properly sustained all three charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee notes that respondent is currently 67 years of age and in the early stages of Alzheimer's disease. He has no prior criminal or disciplinary history. He has suffered financially as a result of this offense, has expressed remorse, and has accepted responsibility for his actions.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

MASTRO, J.P., RIVERA, SPOLZINO, FISHER and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.