[902 NYS2d 404]

In the Matter of MORGAN D. BOTTEHSAZAN (Admitted as MOJ-GAN BOTTEHSAZAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 22, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*McDonough and McDonough,* Westbury (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated October 21, 2008, containing four charges of professional misconduct. After a preliminary conference on March 25, 2009, and a hearing on August 5, 2009, the Special Referee issued a report. The Grievance Committee now moves to confirm the Special Referee's report, sustain all the charges, and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted opposition papers requesting that only charges one and three be sustained, and seeking the imposition of a private sanction.

Charge one alleges that respondent engaged in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), based on her conviction of a serious crime, within the meaning of Judiciary Law § 90 (4) (d). On September 27, 2004, the respondent pleaded guilty to petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor, before the Honorable Ira H. Weiner, in the County Court, Nassau County, in satisfaction of a felony complaint charging her with grand larceny in the fourth degree, a class E felony. On November 23, 2004, she was sentenced to three years' probation and 50 hours of community service, and directed to pay a crime victim's fee in the sum of $20 and a surcharge in the sum of $140.

Charge two alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the facts set forth in charge one.

Charge three alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to file with the Appellate Division of the Supreme Court a record of her conviction of a serious crime within 30 days after her conviction, as required by Judiciary Law § 90 (4) (c), in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

In a verified answer dated November 26, 2008, the respondent admitted the facts of her conviction, denied knowledge suf-

ficient to respond to the charges relating to her failure to file, and denied that her conduct violated the disciplinary rules.

The Grievance Committee's case was limited to documentary evidence. The respondent admitted to the allegations in charge one, but claimed that her conviction did not adversely reflect on her fitness as a lawyer. She admitted that she did not file a record of her conviction, but denied any intent on her part to avoid notification, as she reasonably relied on her attorney at the time, who told her he would take care of matters. The respondent testified on her own behalf, presenting only mitigation evidence.

Based on the evidence adduced and the respondent's admissions, we conclude that the Special Referee properly sustained charges one through three.

Accordingly, the Grievance Committee's motion to confirm is granted to the extent that charges one, two, and three are sustained, and the motion is otherwise denied.

In mitigation, the respondent requests that the fact that she was under severe pressure at the time due to a bitter divorce should be taken into consideration. She further notes that her failure to file was unintentional and that she reasonably relied on her attorney to take care of such matters.

The respondent was deeply remorseful and has no prior disciplinary history.

Under the totality of circumstances, the respondent is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that charges one through three are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Morgan D. Bottehsazan, admitted as Mojgan Bottehsazan, is publicly censured for her professional misconduct.