[945 NYS2d 320]

In the Matter of TED W. GALLAGHER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 7, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ted W. Gallagher was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 2003. At all times relevant to this proceeding, respondent's business address listed with the Office of Court Administration was located within the First Judicial Department.

On or about June 19, 2009, respondent was charged in a felony complaint filed in Criminal Court, New York County with, inter alia, two counts of grand larceny in the fourth degree in violation of Penal Law § 155.30 (1), based upon shoplifting goods with a value totaling approximately $2,500, on two separate occasions, from Bergdorf Goodman in Manhattan.

On May 20, 2010, respondent was convicted, upon his plea of guilty, of one count of petit larceny in violation of Penal Law § 155.25, a class A misdemeanor. On that same date, respondent was sentenced to a one-year conditional discharge, requiring him to continue in weekly psychotherapy sessions for a period of one year.

By unpublished order of this Court entered September 23, 2011, this Court deemed respondent's petit larceny misdemeanor conviction a "serious crime" and remanded the matter to the Departmental Disciplinary Committee for a sanction hearing pursuant to Judiciary Law § 90 (4) (d) and (g).

At the hearing, held on November 14, 2011, respondent testified on his own behalf and called his treating psychologist, Jonathan Wormhouldt, and a character witness. He also introduced documentary evidence which included character letters. Respondent admitted to eight acts of adult shoplifting. These included art gallery thefts which were either not prosecuted or for which he pleaded guilty to disorderly conduct (Penal Law § 240.20) and received an unconditional discharge on May 20, 2010 at the time of the Bergdorf petit larceny plea. In March 2011, he received an adjournment in contemplation of dismissal and 10 days of community service, having been arrested for stealing an item from Key Food in January 2011. At the hearing, he admitted to two prior thefts from that store.

Respondent, who at the time of the hearing was 53 years old, graduated from college in 1981 and obtained a Master's degree

in public policy in 1989. After obtaining his undergraduate degree, respondent worked for various New York City agencies and came to work for the Department of Housing Preservation and Development (HPD), his current employer. He testified that although he wanted to attend law school after receiving his Master's degree, health issues prevented his attending law school at that time. He later attended Brooklyn Law School at night, graduating in May 2002. Respondent currently works in an intergovernmental unit of the HPD where his primary responsibility is to monitor federal legislation affecting grants received by his office and to ensure that grant funds are used in accordance with federal statutes and regulations.

Dr. Wormhouldt, who has been treating respondent since July 2010 for his shoplifting compulsion testified that respondent suffers from chronic, long-term, low level depression resulting from various stressful events in his life. Dr. Wormhouldt describes this depression as dysthymia and relates it to the shoplifting compulsion. Respondent has been attending "Shop-lifters Anonymous" and has continued psychotherapy.

Based on his May 2010 disorderly conduct conviction (for the April 2009 art gallery theft) and his January 2011 arrest, respondent received an admonition from the Committee in August 2011 for engaging in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), and for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4 (c).

On January 19, 2012, based on the more extensive record, the Hearing Panel unanimously recommended respondent be publicly censured and be required to complete one year of psychotherapy for shoplifting, monitored by the New York City Bar Lawyer Assistance Program.

The Committee now moves, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), for an order confirming the Hearing Panel's report and recommendation, and imposing a public censure along with the requirement that respondent complete one year of psychotherapy for shoplifting to be monitored by the New York City Bar Lawyer Assistance Program. Respondent joins in the Committee's request for a public censure while arguing that mitigating circumstances exist.

While we find that respondent's candor with the Hearing Panel, his attempt to deal with his problem which he labels a "compulsion," and his otherwise unblemished record constitute

mitigating factors, respondent's inability to control the compulsion, as indicated by the repeat offenses, is an aggravating factor. Respondent's case is not unlike those matters in other Departments in which attorneys were censured for shoplifting related offenses and for which the sanction of a public censure was imposed (*see Matter of Irving*, 53 AD3d 14 [2008]; *Matter of Bottehsazan*, 75 AD3d 264 [2010]; *Matter of Karnazes*, 76 AD3d 1138 [2010]; *Matter of Mongioi*, 213 AD2d 107 [1995]; *Matter of Grant*, 85 AD2d 102 [1982]).

Based on all of the factors here, as well as the precedents in this state, public censure is the appropriate sanction accompanied by the condition that respondent complete one year of psychotherapy for shoplifting to be monitored by the New York City Bar Lawyer Assistance Program.

Accordingly, the Committee's petition for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted and respondent should be publicly censured and required to complete one year of counseling, monitored by the New York City Bar Lawyer Assistance Program.

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent publicly censured, as indicated.