[61 NYS3d 27]

In the Matter of Susan N. Persaud, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, July 26, 2017

### APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Lally & Misir*, Mineola (*Grant M. Lally* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 13, 2016, containing two charges of professional misconduct. After a hearing on February 14, 2017, the Special Referee issued a report sustaining both charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent has submitted a response, consenting to the motion to confirm, and asking for the imposition of a public censure.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on her conviction of a serious crime, within the meaning of Judiciary Law § 90 (2) and (4) (d) and former 22 NYCRR 691.7 (b), as follows:

On December 8, 2015, the respondent pleaded guilty before the Honorable Richard Buchter, in Supreme Court, Queens County, to criminal possession of stolen property in the fifth degree, in violation of Penal Law § 165.40, a class A misdemeanor. In her plea allocution, the respondent admitted that: (1) in or about July 2010 and August 2010, she had a series of conversations with Travis Lootawan, one of 33 indicted codefendants; (2) during these conversations, she was informed by Lootawan that "his operation involved stealing people's identi-

ties and making fraudulent credit cards," and that after stealing identities, he "made credit cards and would go shopping and purchase high end" merchandise using the fake credit cards; (3) in November 2010, she received a pair of shoes from Lootawan, knowing that they were stolen, that Lootawan used a fraudulent credit card to purchase the shoes, and that the shoes were valued in excess of $1,000; (4) on or about November 12, 2010, she asked Lootawan for "guidance and direction" as to how to exchange the stolen shoes she had received from him in November 2010; (5) on or about November 12, 2010, she went into a Nordstrom department store with the stolen pair of shoes and exchanged them for three different pairs of shoes; and (6) she knew that the shoes she obtained from Nordstrom on or about November 12, 2010, "were still purchased with credit from somebody other than the true owner."

On December 8, 2015, the respondent was sentenced to a one-year conditional discharge, 30 days of community service, a fine of $1,000, in addition to a surcharge of $175, a DNA fee of $505, and a crime victims assessment fee of $25.

Charge two alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual allegations specified in charge one.

At the disciplinary hearing, the respondent did not contest the allegations, and offered testimony in mitigation of the charges. During her testimony, the respondent expressed deep remorse for her actions, and regret for the suffering she has caused her family from the public humiliation resulting from the conviction.

We find that the Special Referee properly sustained the charges, as the evidence adduced established that the respondent engaged in conduct in violation of rule 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Accordingly, we grant the Grievance Committee's motion to confirm the Special Referee's report.

The Grievance Committee advises that respondent has a prior disciplinary history consisting of an admonition and a letter of caution.

In determining an appropriate measure of discipline to impose, this Court has considered the following factors in mitigation: that the respondent's misconduct was limited and did

not involve a client matter, her genuine remorse and acceptance of responsibility for her actions, as well as the character evidence presented, which described the respondent as someone with an excellent professional reputation, a person of high integrity, and a committed volunteer in her community with a history of good works.

Under the totality of the circumstances, the respondent is publicly censured (*see Matter of Bottehsazan*, 75 AD3d 264 [2010]; *Matter of Reinhardt*, 64 AD3d 248 [2009]).

ENG, P.J., RIVERA, DILLON, BALKIN and DUFFY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Susan N. Persaud, is publicly censured for her professional misconduct.