Matter of Simpkins (2018 NY Slip Op 05739)





Matter of Simpkins


2018 NY Slip Op 05739


Decided on August 9, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter,Justice Presiding,
Peter Tom
Angela M. Mazzerelli
Ellen Gesmer
Peter H. Moulton,Justices.


M-1039 M-2665

[*1]In the Matter of Charles C. Simpkins, (admitted as Charles Claudio Simpkins) an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Charles C. Simpkins, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Charles C. Simpkins, was admitted to the Bar of the State of New York, as Charles Claudio Simpkins at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 21, 2014.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Mischel & Horn, P.C. (Richard E. Mischel, of counsel) for respondent.
Motion Nos: M-1039 & 


Per Curiam


Respondent Charles C. Simpkins was admitted to the practice of law in the State of New [*2]York by the Second Judicial Department on May 21, 2014, under the name Charles Claudio Simpkins. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges dated February 26, 2018 (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) arising from his unlawful use of a credit/debit card to make purchases and from his false statements made thereafter regarding the incident.
The parties agree on the stipulated facts, including the admission to the acts of professional misconduct and the violation thereof, the relevant factors in mitigation, and on the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent and request the imposition of a public censure.
In support of the joint motion for discipline by consent, the parties rely on Matter of Gallagher (97 AD3d 254 [1st Dept 2012]); Matter of Bottehsazan (75 AD3d 264 [2d Dept 2010]); and Matter of Irving (53 AD3d 14 [2d Dept 2008]), and agree that the underlying facts in those cases are analogous to the facts herein and should be followed. In light of the significant factors in mitigation, including respondent's cooperation, admitted conduct and acceptance of responsibility, successful completion and ongoing involvement in the Lawyer's Assistance Program, expressions of remorse, and willingness to make restitution, the parties agree that a public censure is appropriate.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [August 9, 2018]
Ordered that the joint motion for discipline on consent is granted, and respondent is censured (M-2665). The Committee's petition of charges is denied as moot (M-1039).