Matter of Cail (2021 NY Slip Op 05613)





Matter of Cail


2021 NY Slip Op 05613


Decided on October 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 14, 2021

PM-138-21
[*1]In the Matter of Laura J. Cail, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Laura J. Cail, Respondent. (Attorney Registration No. 4476214.)

Calendar Date:August 30, 2021

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2007. Between June 2015 and October 2016, respondent was employed by the State Office of Children and Family Services (hereinafter OCFS) as a Senior Attorney. Following an investigation by the Office of the Inspector General, it was revealed that respondent had filed numerous false attendance reports in connection with her employment with OCFS. Respondent was thereafter criminally charged in Rensselaer City Court in connection with her false filings and ultimately pleaded guilty to a reduced charge of disorderly conduct after providing restitution to the state (see Penal Law § 240.20). Following an investigation, petitioner commenced this disciplinary proceeding by verified petition, alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct stemming from her criminal conduct. The parties now jointly move this Court to sanction respondent for her misconduct upon the parties' consent.
"Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) provides that, at any time following the filing of a petition of charges against a respondent, the respondent and an Attorney Grievance Committee may jointly move for the imposition of discipline upon the respondent by consent of the parties" (Matter of Hartwich, 156 AD3d 1317, 1318 [2017]). In doing so, the parties must submit a joint motion containing (1) a stipulation of facts; (2) the respondent's conditional admission to the acts of professional misconduct and the violation of specific Rules of Professional Conduct or other standards of conduct; (3) the relevant aggravating and/or mitigating factors, including the respondent's prior disciplinary record; and (4) a recitation of the parties' agreed-upon disciplinary sanction (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i]). In support of the joint motion, the respondent must also submit an affidavit that contains a conditional admission to the facts constituting professional misconduct alongside an acknowledgment that he or she is freely consenting to the agreed-upon discipline and is aware of the consequences for doing so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]).
The parties have properly submitted a stipulation of facts that contains the relevant aggravating and mitigating factors and an agreement that the appropriate sanction for respondent's misconduct should be a censure. Respondent has also provided the required affidavit in which she conditionally admits that she filed false attendance reports during her period of employment with OCFS causing her to be improperly compensated for time that she had not worked, and that her conduct violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), (c) and (h). Respondent also consents to the imposition of a censure and attests that she is aware of the consequences of consenting to her discipline. We accordingly [*2]find that the parties have satisfied the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) and turn to consideration of the appropriate sanction for respondent's admitted misconduct.
In aggravation of her misconduct, the parties agree that respondent was initially charged with significant criminal conduct, in terms of both quantity and severity (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]). The parties also agree that respondent acted with a dishonest and selfish motive (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]), initially refused to acknowledge the wrongful nature of her misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]) and committed her misconduct at a time when she had already amassed substantial experience practicing law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). On the other hand, we recognize that respondent has since expressed remorse for her actions (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]) and has made restitution to the state in the amount that she was overpaid (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]). Importantly, we also note respondent's blemish-free disciplinary history since she has been admitted to practice law in this state (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]). Having considered these factors alongside the precedent in this state for imposing a sanction for similar or more severe misconduct (see Matter of Reddington, 189 AD3d 2044, 2046 [2020]; Matter of Molina, 88 AD3d 363, 364 [2011]; Matter of Reinhardt, 64 AD3d 248, 249 [2009]; Matter of Clark, 60 AD3d 159, 160 [2009]; Matter of Irving, 53 AD3d 14, 17 [2008]), we find that the agreed-upon sanction of a censure is appropriate under the circumstances. Therefore, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant the joint motion, find the misconduct established and censure respondent for her misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.