Matter of Bachu (2022 NY Slip Op 04625)

Matter of Bachu

2022 NY Slip Op 04625

Decided on July 20, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2019-03081

[*1]In the Matter of Darmin T. Bachu, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Darmin T. Bachu, respondent. (Attorney Registration No. 2729630)

The respondent, Darmin T. Bachu, was admitted to the Bar as an attorney and counselor-at-law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 17, 1996. By order to show cause dated June 2, 2020, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime, pursuant to 22 NYCRR 1240.12(c)(2)(i). The respondent and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts filed affirmations in response, and by decision and order on motion of this Court dated March 4, 2021, the Honorable Arthur J. Cooperman was appointed as Special Referee, pursuant to 22 NYCRR 1240.12(c)(2)(iv), to hear and report.

Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Brian J. Griffin and Chris McDonough of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
After a hearing on May 20, 2021, the Special Referee filed a report dated July 12, 2021, in which he reported the mitigating and aggravating factors and concluded that the respondent had failed to meet his burden in establishing why this Court should not issue a final order of suspension, censure, or disbarment. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to confirm the report of the Special Referee, and for the imposition of such discipline upon the respondent as the Court deems appropriate. The respondent, by counsel, filed an affirmation in opposition, and requests that the Court impose an admonition.
The Criminal Conviction
The respondent pleaded guilty on March 5, 2019, to attempted possession of stolen property in the fifth degree, in violation of Penal Law §§ 110.00, 165.40, a class B misdemeanor, in the Supreme Court, Queens County, before Honorable Ushir Pandit-Durant. He was sentenced to a conditional discharge and directed to pay a total of $250, consisting of court fees and a surcharge.
The respondent's plea of guilty was made in satisfaction of Indictment No. 2069/16, which contained fourteen counts: three counts of criminal possession of stolen property in the third degree (id. § 165.50), one count of grand larceny in the fourth degree (id. § 155.30[1]), one count of criminal possession of stolen property in the fourth degree (id. § 165.45[1]), one count of offering [*2]a false instrument for filing in the first degree (id. § 175.35), three counts of criminal tax fraud in the fourth degree (Tax Law § 1803), one count of repeated failure to file tax returns (id. § 1808), and four counts of criminal tax fraud in the fifth degree (id. § 1802).
As revealed in the plea minutes, the respondent pleaded guilty to one count of attempted criminal possession of stolen property in the fifth degree, in violation of Penal Law §§ 110.00, 165.40, in full satisfaction of the indictment. In entering the plea, the respondent admitted that he "attempted to possess stolen property, to wit, U.S. currency owned by the New York State Department of Taxation and Finance." Specifically, the respondent filed an improper claim of a tax credit on his 2011 New York State tax return. The improper claim resulted in approximately $2,200 in tax savings.
The Hearing
At the hearing, the respondent testified that in 2012, during the time he improperly claimed the tax credit, he was disorganized and was not focused because his law practice grew too overwhelming. The respondent had an accountant for his law firm, but he was not paying attention to the tax credit he claimed. The respondent took full responsibility for his crime and admitted that he should have known that the tax credit he claimed was not proper. The respondent further testified that he was remorseful, humbled, and felt humiliated when he had to take a plea in a courtroom where he regularly appeared with his colleagues in attendance. He had since hired a "proper professional" to ensure that his tax filings would be accurate and he also vowed to "actually fully look[]" at his tax returns before filing. The respondent also submitted character evidence attesting to his extensive charitable and pro bono work, dedication to his community, high integrity, and moral character.
The Grievance Committee advises that the respondent has a prior disciplinary history consisting of two letters of caution.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
Under the totality of the circumstances, we conclude that the respondent's criminal conduct warrants a public censure (see Matter of Persaud, 153 AD3d 6; Matter of Duthely, 125 AD3d 126; Matter of Stella, 120 AD3d 153).
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Darmin T. Bachu, is publicly censured for his professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court