HSBC Bank USA, N.A. v Gallo (2025 NY Slip Op 03182)

HSBC Bank USA, N.A. v Gallo

2025 NY Slip Op 03182

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-01503
 (Index No. 707975/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Andres Gallo, et al., defendants, Marsha Cindy Balkissoon, appellant.

Mossa and Associates, Ozone Park, NY (Michael Mossa and William Shanahan of counsel), for appellant.
Woods Oviatt Gilman, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marsha Cindy Balkissoon appeals from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), entered September 23, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendants Andres Gallo and Marsha Cindy Balkissoon which were, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Thomas D. Raffaele, J.) dated January 5, 2016, and an order and judgment of foreclosure and sale (one paper) of the same court (Thomas D. Raffaele, J.) entered January 18, 2017, to set aside the foreclosure sale of the subject property, and to vacate a referee's deed dated May 3, 2019.
ORDERED that the order entered September 23, 2020, is affirmed insofar as appealed from, with costs.
On June 23, 2004, the defendant Andres Gallo executed a note in the amount of $355,800 in favor of Wells Fargo Bank, N.A. The note was secured by a mortgage on certain real property located in Queens. In October 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, Gallo and the defendant Marsha Cindy Balkissoon (hereinafter together the defendants). The complaint alleged that Balkissoon was the current owner of the property. The defendants interposed an answer dated December 3, 2014.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The motion papers were served on the defendants' counsel of record, Susan Persaud. The defendants failed to oppose the motion. In an order dated January 5, 2016, the Supreme Court granted the motion and appointed a referee to compute the amount due to the plaintiff.
In September 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The plaintiff again served the motion papers on Persaud. The defendants failed to oppose the motion. In an order and judgment of foreclosure and sale entered January 18, 2017, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, [*2]and directed the sale of the property. A foreclosure sale was held on September 28, 2018, and a referee's deed dated May 3, 2019, conveyed the property to the assignee of the winning bidder at the foreclosure sale.
On October 23, 2019, the defendants moved, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated January 5, 2016, and the order and judgment of foreclosure and sale, to set aside the foreclosure sale, and to vacate the referee's deed. The defendants argued, inter alia, that the plaintiff failed to sell the property within 90 days of obtaining a judgment of foreclosure and sale, in violation of RPAPL 1351(1). In support of the motion, the defendants submitted an affidavit from Balkissoon in which she stated that her prior counsel, Persaud, "was involved in her own litigation or neglect." The defendants also submitted an opinion and order of this Court dated July 26, 2017, publically censuring Persaud for professional misconduct on the ground that she had been convicted of criminal possession of stolen property in the fifth degree (see Matter of Persaud, 153 AD3d 6). In addition, the defendants submitted an unsigned and undated letter from Gallo to Persaud purporting to terminate Gallo's attorney-client relationship with Persaud.
In opposition to the motion, the plaintiff submitted an order of the United States Bankruptcy Court for the Eastern District of New York dated November 13, 2017, dismissing Balkissoon's bankruptcy petition. The plaintiff also submitted two orders to show cause filed by the defendants on January 12, 2018, and September 27, 2018, by which they sought, inter alia, to stay the foreclosure sale. The Supreme Court declined to sign the second order to show cause.
In an order entered September 23, 2020, the Supreme Court, among other things, denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated January 5, 2016, and the order and judgment of foreclosure and sale, to set aside the foreclosure sale, and to vacate the referee's deed. Balkissoon appeals.
The Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated January 5, 2016, and the order and judgment of foreclosure and sale. A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900, 901). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886).
"Although a motion to vacate an order on the ground of excusable default must be made within one year after service of a copy of the order with written notice of entry upon the moving party (see CPLR 5015[a][1]), the Supreme Court has the inherent authority to vacate an order in the interest of justice, even where the statutory one-year period under CPLR 5015(a)(1) has expired" (JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 850). Here, the order and judgment of foreclosure and sale was entered on January 18, 2017, and was served upon the defendants with notice of entry on January 31, 2017. The defendants did not move to vacate the order and judgment of foreclosure and sale until October 23, 2019. Moreover, the evidence submitted by the defendants failed to establish a reasonable excuse for their failure to oppose either the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them or the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707). Since the defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether they demonstrated the existence of a potentially meritorious opposition to those motions (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602).
The Supreme Court properly rejected the defendants' contention that the foreclosure sale should be set aside and the referee's deed should be vacated pursuant to RPAPL 1351(1). "RPAPL 1351(1) was amended, effective December 20, 2016, to provide that a judgment of foreclosure and sale shall direct that the subject property be sold 'within ninety days of the date of [*3]the judgment'" (U.S. Bank, N.A. v Peralta, 191 AD3d 924, 925). Here, the defendants waived any objection to the omission of the language required by RPAPL 1351(1) by failing to oppose the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and by waiting more than two years to move to vacate the order and judgment of foreclosure and sale (see Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1112). In any event, under the circumstances of this case, the court providently exercised its discretion in excusing the plaintiff's delay in conducting the foreclosure sale pursuant to CPLR 2004 (see Bank of Am., N.A. v Cord, 214 AD3d 934, 935-936). Balkissoon's argument that the foreclosure sale should be set aside and the referee's deed should be vacated pursuant to RPAPL 231(6) is similarly without merit (see Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029-1030).
Finally, Balkissoon's contention that the plaintiff failed to mitigate and work with the defendants following the entry of the order and judgment of foreclosure and sale is without merit (see generally Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court